Duke KHAN, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 99–71062.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2000

Filed Jan. 26, 2001

Jesse A. Moorman and Judith L. Wood, Los Angeles, California, for the petitioner.

Heather R. Phillips, U.S. Department of Justice, Civil Division, Washington, D.C., and Anh–Thu Mai, INS, Washington, D.C., for the respondent.

Before: BROWNING, PREGERSON, and BEEZER, Circuit Judges.

PER CURIAM:

Petitioner Duke Khan appeals denial of his asylum application on the ground that the Board erred in upholding the exclusion for lack of authentication of certain official records offered during his hearing before the immigration judge. He also appeals the exclusion of these and other documents offered into evidence on appeal and challenges the decision of the Board of Immigration Appeals ("BIA") on the merits of his application. We reverse and remand for further proceedings.

Khan bases his asylum claim on persecution that he suffered in Bangladesh on account of his own political activities in a Dhaka University student group. This

persecution included, *inter alia,* four arrests, the first of which led to a seven-month confinement during which he was severely beaten. Khan sought to introduce official records documenting the arrests and detention at his hearing. Objecting *sua sponte,* immigration judge excluded the records from evidence because they had not been certified as authentic, pursuant to INS regulations which requires that foreign official records "be certified by an officer in the Foreign Service of the United States, stationed in the foreign country where the record is kept." 8 C.F.R. § 287.6(b).

The immigration judge subsequently denied Khan's asylum application, based in part on the lack of corroborating documentary evidence. On appeal, the BIA upheld this decision and largely adopted the reasoning of the immigration judge. The board also upheld the exclusion of the official records for lack of authentication and declined to consider any further documents on appeal.

■■■ Because the exclusion of evidence was based on a purely legal ground controlled by circuit precedent, we review this question *de novo.* *See Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000); *United States v. Mateo–Mendez,* 215 F.3d 1039, 1042 (9th Cir.2000). Documents may be authenticated in immigration proceedings through any "recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure." *Espinoza v. INS,* 45 F.3d 308, 309–310 (9th Cir.1995); *Chung Young Chew v. Boyd,* 309 F.2d 857 (9th Cir.1962). The procedure specified in "8 C.F.R. § 287.6 provides one, but not the exclusive, method." *Iran v. INS,* 656 F.2d 469, 472 n. 8 (9th Cir.1981); *Hoonsilapa v. INS,* 575 F.2d 735, 738 (9th Cir.1978). It was error to exclude the official records based solely on the lack of consular certification.

■■■ Because the excluded records would have corroborated Khan's testimony and because the denial of asylum was based, in part, on the lack of such corroboration, we reverse and remand to the BIA

for further proceedings consistent with this decision. *Cf. In re Tijam,* 1998 WL 883735, Interim Dec. No. 3372 (BIA Dec. 10, 1998) (remand appropriate where outcome hinged on determination of authenticity of official record). We need not reach the other issues raised by Khan's appeal. We note, however, that on remand Khan remains free to offer into evidence any additional documents that he can show were not previously available to him at the time of his initial hearing. *See* 8 C.F.R. § 3.2; *cf. Vides–Vides v. INS,* 783 F.2d 1463, 1470 (9th Cir.1986) (recognizing this possibility).

The petition for review is granted, the decision below reversed and the case remanded to the BIA for further proceedings consistent with our opinion.