**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-2338**

———————

LADISLAS EDME L. MATSIONA,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A75-383-822)

———————

Submitted:  October 1, 2003          Decided:  February 23, 2004

———————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rockville, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Carl H. McIntyre, Jr., Senior Litigation Counsel, Joan E. Smiley, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ladislas Edme L. Matsiona, a native and citizen of the Republic of Congo, petitions this Court for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the immigration judge's denial of Matsiona's requests for asylum, withholding of removal, and voluntary departure. Matsiona also alleges that the BIA erred in affirming the decision of the immigration judge without opinion, after review by a single BIA member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). For the following reasons, Matsiona's petition for review is denied.

As a threshold matter, we have reviewed Matsiona's challenges to the BIA's use of the procedure for streamlined review and find them to be without merit. See Falcon Carriche v. Ashcroft, 335 F.3d 1009, 2003 WL 21639040, *1 (9th Cir. July 14, 2003); Georgis v. Ashcroft, 328 F.3d 962, 967 (7th Cir. 2003); Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1288-89 (11th Cir. 2003); Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003); Gonzalez-Oropeza v. United States Att'y Gen., 321 F.3d 1331, 1333-34 (11th Cir. 2003); Albathani v. INS, 318 F.3d 365, 375-79 (1st Cir. 2003). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(a)(7)(ii).

Turning to the substance of the immigration judge's decision, we find no error in the determination that Matsiona is ineligible for asylum. This court may not reverse a denial of asylum unless "manifestly contrary to law," and cannot revisit the underling factual determinations unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B), (C) (2000). Our review of the record presents no basis to overturn the immigration judge's adverse credibility determination. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Nor do we find error in the immigration judge's conclusion that Matsiona's corroborating evidence failed to substantiate his allegations. See Khan v. INS, 237 F.3d 1143, 1144 (9th Cir. 2001). Hence, Matsiona fails to demonstrate error in the immigration judge's denial of asylum.

With respect to Matsiona's claims regarding the denial of withholding of removal and his request for voluntary departure, we find neither presents a basis for relief. The standard for withholding of removal is more stringent than that for granting asylum, Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); hence, Matsiona's challenge to the denial of his request for withholding of removal presents no independent error. Furthermore, this court lacks jurisdiction to review the discretionary decision to deny Matsiona's request for voluntary departure. See Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001); 8 C.F.R. § 240.25(c) (2002).

Accordingly, we deny Matsiona's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED