**Jiuyin XUE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74108.

Agency No. A75–663–555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided May 19, 2004.

Kevin G. Long, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department

of Homeland Security, San Francisco, CA, John J. Andre, M. Jocelyn Lopez Wright, Robbin K. Blaya, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Jiuyin Xue, a native and citizen of China, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). On appeal Xue contends that: (1) the Immigration Judge ("IJ") erred in determining that Xue failed to file his asylum application within one year of his arrival in the United States; (2) the IJ erred in finding Xue not credible and determining that he was not eligible for asylum, withholding, or Convention Against Torture ("CAT") relief; (3) the IJ was biased against Xue; and (4) the BIA erred by not issuing an opinion.

We dismiss the petition with respect to the asylum claim for lack of jurisdiction; deny the petition with respect to Xue's due process claims and claim for withholding based on religious persecution; and grant the petition with respect to Xue's claim of persecution for violation of China's one child policy. We remand the case to the BIA for a determination of Xue's eligibility for withholding based on the one-child claim.

## I

■■■ An alien applying for asylum must "demonstrate[ ] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The statute also provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. § 1158(a)(3). We lack jurisdiction to review an IJ's determination that a petitioner failed to file his asylum application within one year of his arrival in the United States. *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We also do not have jurisdiction to review the BIA's determination that no "extraordinary circumstances" excused petitioner's untimely asylum application. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We dismiss for lack of jurisdiction Xue's petition for review with respect to his eligibility for asylum.

## II

We have jurisdiction under 8 U.S.C. § 1252(a) to review the IJ's denial of withholding of removal. *Hakeem,* 273 F.3d at 816. We review the IJ's decision as the final agency decision because the BIA streamlined Xue's case. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir. 2003). "Under the substantial evidence standard, the court must uphold the IJ's decision unless the evidence compels a reasonable factfinder to reach a contrary result. An applicant is entitled to withholding of removal if he demonstrates it is 'more likely than not' that he will be persecuted on account [of a protected ground] were he to return." *Hakeem,* 273 F.3d at 816 (internal citations omitted).

## A. Claim of Persecution Based on Violation of One–Child Policy

The IJ concluded that Xue was not credible and denied his application for asylum and withholding with respect to his claim of persecution based on his violation of China's one-child policy.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### 1. Repercussions of Having a Second Child

The IJ first restated the consequences Xue allegedly faced as a result of his decision to have a second child, concluding that "[t]he respondent amazingly was able to live in his country without full-time let alone gainful employment for over five years to support two children and a wife. He has never explained how he has been able to do this." However, the IJ, did not acknowledge Xue's testimony that he lived with his parents or that he continued to work even though he was demoted and presumably earned money to support his family. We hold that this finding is not supported by substantial evidence in the record.

### 2. Documentary Evidence

The IJ next focused on the limited amount of documentary evidence Xue provided in addition to his testimony. The IJ initially noted that "[t]he respondent provides no evidence to support this self-serving claim." The IJ also faulted Xue for not properly authenticating his marriage certificate, his birth certificate, and his son's birth certificate. He also focused on the lack of proof regarding Xue's alleged second child. It is unclear from the IJ's oral decision what, if any, weight the IJ gave to these factors in formulating his ultimate credibility determination. We assume for the purpose of our review that the IJ did base his credibility determination on a perceived lack of documentation and proper authentication of the documents presented.

■ The IJ relied on the fact that, "[n]one of these alleged documents, however, have ever been verified or bona fide to be true and correct documents issued to him, let alone bona fide documents in regard to 8 C.F.R. 287.6." We have held that 8 C.F.R. § 287.6 provides one, but not the exclusive, method for authenticating documents for immigration proceedings and that it is error to exclude official records based solely on the lack of consular certification. *Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir.2001). We hold that failure to authenticate documents by consular certification is not a proper basis on which to refuse to admit Xue's documents and to find Xue not credible.

"Because asylum cases are inherently difficult to prove, an applicant may establish past persecution through his own testimony alone." *Garrovillas v. INS*, 156 F.3d 1010, 1016 (9th Cir.1998) (internal quotation marks and citation omitted). Where the IJ "offers no legitimate reason to question the applicant's credibility, we must reverse a finding that the applicant failed to meet his burden of proof because he did not provide corroborating evidence." *Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000). However, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Xue explained that he was not given a birth certificate for his second child at the time of her birth. the IJ did not find this explanation reasonable. Neither the IJ nor the government identified what type of non-duplicative, material, easily available corroborating evidence Xue failed to produce. Additionally, neither the IJ nor the government asked Xue to explain why he was unable to produce pictures or any evidence regarding the existence of this second child. We hold that Xue's lack of corroborating documentary evidence is not fatal to his claim and that it does not demonstrate that he is not credible.

### 3. Fraudulently Obtained Travel Documents

■ We have adopted the BIA's position that the "use of false documents to facilitate travel or gain entry does not serve to impute a lack of credibility to the petitioner." *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999). The IJ closely evaluated the manner in which Xue came into this country. "In this case, the Court finds no factors of a favorable nature in the respondent's case that would offset this fraudulent and unlawful entry into the United States...." This remark appears to be related to the IJ's belief that Xue fraudulently obtained his visa from the American Consulate. We hold that this is not an acceptable finding on which to rest an adverse credibility determination.

### 4. Speculation

■ "Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). The IJ said that he doubted that the government of China was suspicious of Xue because, "[h]e was able to go to the American consulate personally ... without problems or difficulties from the government of China ... able to do all this from a government so intolerant and so watchful of him, suspicious of his activities." This statement constitutes speculation by the IJ regarding how closely the government of China would monitor the activities of someone that it considered suspicious. The IJ also made the statement that "[m]ost Chinese demographers estimate[ ] ... that the fertility birth rate for women in China ... remains at 2.1 births, indicating that the one-child policy is not applied uniformly to Chinese couples." The IJ is speculating about how the Chinese government applies its one-child policy to different families within China. We hold that these are not appropriate bases on which to rest an adverse credibility determination.

### 5. Possible Demeanor Finding

■ The IJ concluded his discussion of Xue's one-child claim with the following: "The Court finds that the respondent's testimony, his *tone and demeanor*, his description is just one of a simple claim that tries to follow the basis of the one-child family rules and allege religious persecution in the country of China." (emphasis added). We give "'special deference' to a credibility determination that is based on demeanor." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). In *Arulampalam v. Ashcroft*, however, we refused to give deference to the IJ's credibility determination because the findings did "not specifically and cogently refer to any aspect of [petitioner's] demeanor, a term which we have described as including the expression of his countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal communication." 353 F.3d 679, 686 (9th Cir.2003) (internal quotation marks omitted). The IJ's finding of incredibility based on Xue's demeanor is not supported by any observations made for the record and thus cannot support the IJ's adverse credibility determination.

We hold that the IJ's credibility determination is not supported by substantial evidence and grant the petition for review. We remand the case to the BIA for a determination of Xue's eligibility for withholding of removal. On remand Xue may authenticate the documents he wishes to present in any manner deemed permissible by this court, as well as present any additional evidence that he has been able to obtain while his case was on appeal. On remand, the government is entitled to

challenge the authenticity of Xue's documents and introduce additional evidence.

### B. Claim of Persecution Based on Religious Belief

■ The IJ found that even assuming the underground church Xue claimed to have attended existed, "there is little to indicate here that the respondent was really persecuted in any serious way by the government, let alone suspected of being someone so dangerous and subversive that the respondent would be under some cloud or, as he describes it, on a list of the government." Xue's claim of persecution rested almost exclusively on his assertion that in March 1998 he and others were taken from a meeting of an underground church by the police. After arriving at the police station Xue was slapped and shaken in a chair. The IJ concluded that the incident was "of minimal nature" when compared with other reported incidents of alleged torture by the Chinese government and that it was not sufficient to qualify Xue for withholding. The IJ also mentioned the fact that Xue was able to live in the area for an additional two months and did not mention any other detentions or harassment.

The alleged March 1998 incident does not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–340 (9th Cir.1995). In addition, Xue failed to elaborate on why he thought that he would be arrested if he were to return to China beyond his testimony that he signed a document and that the police called his parents. We hold that Xue's testimony does not compel a finding that it is more likely than not that he will be persecuted on account of his religion were he to return to China. *See Hakeem,* 273 F.3d at 816.

### III

■ The IJ also denied Xue's CAT claim. The IJ concluded that being slapped in the face and shaken in a chair did not rise to the level of torture. We review for substantial evidence the factual findings underlying the BIA's determination that Xue was ineligible for relief under CAT. *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). Xue bears the burden of establishing that it is more likely than not that he would be tortured if removed to China. *See Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001). Although being slapped in the face and swung in a chair are unpleasant, these acts do not rise to the level of "severe pain or suffering." *See id.* (quoting 8 C.F.R. § 208.18(a)(1)). Further, Xue has not alleged that he will face torture if returned to China. Xue has not presented evidence which would compel us to hold that it is more likely than not that he will be tortured if he is removed to China.

### IV

Xue claims that his due process rights to a neutral factfinder were violated because the IJ was biased against him. This argument lacks merit and is not supported by the record.

### V

Xue argues that the BIA's decision to affirm without opinion violated due process. This argument is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, GRANTED in part and REMANDED.**