**Surinder SIDHU, Petitioner,**

v.

**John ASHCROFT,\* Respondent.**

No. 02–73220.

Agency No. A43–926–635.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.\*\*

Decided May 27, 2004.

---

\* The petition for review correctly identified the Immigration and Naturalization Service (INS) as the respondent in this transition rule case. Illegal Immigration Reform and Immigrant Responsibility Act § 309(c), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended. On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice (DOJ) and its functions were transferred to the newly formed Department of Homeland Security. Because this appeal challenges a decision issued by the Executive Office of Immigration Review (en-compassing both the Board of Immigration Appeals (BIA) and the immigration courts), which is a component of the DOJ, Attorney General Ashcroft, as the head of the DOJ, is substituted for the INS. *See* 8 U.S.C. § 1252(b)(3) (2000) (respondent is Attorney General where immigration court proceeding commenced after April 1, 1997).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, David V. Bernal, Attorney, Regina Byrd, Attorney, Luis E. Perez, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM***

Surinder Sidhu petitions for review of a final order of exclusion issued by the Board of Immigration Appeals (BIA). The BIA affirmed without opinion the Immigration Judge's (IJ) Order, which found Singh excludable from the United States pursuant to § 212(a)(6)(E)(i) of the Immigration and Nationality Act (INA) for knowingly assisting an undocumented alien to enter the country in violation of the immigration laws. Sidhu contends that (1) the IJ improperly admitted evidence in violation of her right to due process, and (2) the IJ's conclusion that she engaged in alien smuggling was not supported by substantial evidence.[1]

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have addressed Sidhu's remaining claim, that she was entitled to deportation as opposed to exclusion proceedings, in a concurrently-filed published opinion.

## I

Sidhu first challenges the admission of various documents and testimony offered by the government during her hearing, contending that these errors infringed her right to due process. We review de novo due process claims. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). The IJ's findings of fact, as well as any credibility determinations regarding witness testimony, are reviewed for substantial evidence. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003).

## A

■ Sidhu challenges the admission of the I–215 Form regarding her confession to Officer Roldan because the interpreter conducted the interview in Hindi, as opposed to her native language of Punjabi. She also asserts that the Form is inadmissible because she was not informed of her *Miranda* rights prior to giving the statement. First, deportation proceedings are not governed by the rules of evidence. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) ("[A] deportation hearing is an administrative proceeding not bound by the strict rules of evidence; nonetheless, aliens must be accorded due process."). "The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Id.* The Form is clearly probative of whether or not Sidhu engaged in alien smuggling. Significantly, Sidhu offered no evidence that the language interpretation was inaccurate or a misrepresentation of her true responses. Because Sidhu has not established that the form is unreliable or inaccurate, its admission was fair.

Sidhu's claim that the admission of the Form violated the Fifth Amendment because Officer Roldan took her statement without informing her of her *Miranda* rights is foreclosed by *Trias–Hernandez v. INS*, 528 F.2d 366, 368–69 (9th Cir.1975).

## B

■ Sidhu challenges the admission of the China Airlines manifest, asserting that it was not properly authenticated. "Documents may be authenticated in immigration proceedings through any recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure." *Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir.2001). The China Airlines manifest was properly authenticated because Officer Roldan testified that he obtained it from a China Airlines representative and Sidhu's testimony substantiates the manifest's contents. Moreover, Sidhu did not attempt to establish that it was unreliable or inaccurate. *See Villegas–Valenzuela v. INS*, 103 F.3d 805, 811–13 (9th Cir.1996) (finding that documents were properly admitted when petitioners failed to present evidence to question their authenticity and failed to refute their contents).

## C

Sidhu also contends that the photocopy of U.S. Passport No. 033992553 was not properly authenticated. Because Officer Roldan's testimony, Officer Ramero's testimony, and Sidhu's own statement substantiate the contents of the photocopy, the IJ did not err by considering the document.

## D

■ Sidhu challenges the admission of Officer Roldan's testimony regarding the Treasury Enforcement Communications System (TECS) and National Alien Information Look Out (NAIL) System reports as inadmissible hearsay because the government did not submit a certified copy of the reports. "[H]earsay is admissible in immigration proceedings." *Rojas–Garcia*

*v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003). As noted earlier, the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair. *See id.* The testimony regarding the reports was probative as to whether Sidhu engaged in alien smuggling. Sidhu did not present any evidence discrediting Officer Roldan's testimony. In fact, her own statement contained in the I–215 Form verified the information contained in the TECS and NAIL reports. Because she failed to cast doubt on the probative value or fairness of Officer Roldan's testimony, the IJ did not err by admitting it.

## II

Sidhu contends that the IJ's Order is not supported by substantial evidence. An alien is excludable if she knowingly encouraged, induced, assisted, abetted, or aided another alien to enter or try to enter the United States in violation of law. INA § 212(a)(6)(E), 8 U.S.C. § 1182(a)(6)(E)(i). The INS bore the burden of proving that Sidhu was excludable by "clear, unequivocal, and convincing evidence." *Woodby v. INS,* 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). We must determine whether the INS met this burden by applying the substantial evidence standard. *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997).

Sidhu's affidavit, combined with Officer Roldan's testimony, Officer Ramero's testimony, the copy of U.S. Passport No. 033992553, and the China Airlines passenger manifest provide overwhelming evidence that Sidhu acted to assist Singh, who was an alien, to enter the country in violation of the immigration laws.

**PETITION DENIED.**