**Amarjit Singh MANN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70435.

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.[*]

Decided Aug. 11, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

———

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Amarjit Singh Mann petitions for review of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on

** This disposition is not appropriate for publication and may not be cited to or by the

the basis of an adverse credibility finding. Because the Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge (IJ) without opinion, we review the IJ's decision as the final agency determination. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). We grant the petition and remand.

The IJ relied largely on Mann's inability to prove his identity. We conclude that the IJ erred in rejecting Mann's attempts to establish his identity without giving Mann sufficient notice and opportunity to respond; however we are unable to resolve the issue of Mann's identity conclusively. Therefore, we remand to the BIA with instructions to remand to an IJ to conduct a hearing on Mann's identity.

Mann's previous use of a non-Sikh alias put his identity sufficiently into question that the IJ did not err in requiring Mann to produce "non-duplicative, material, easily available corroborating evidence" of his identity. *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Mann attempted to establish his identity by submitting a birth certificate, high school photo identification, and declarations from his father and from the village sarpanch documenting Mann's identity and history of persecution.

The IJ found fault with the birth certificate and high school identification because they were not embassy-certified. Because this certification procedure provides one, but not the exclusive, method to authenticate documents, *Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001), Mann had no way of knowing that certification would be required. Additionally, the IJ noted translation problems with the letter from

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Mann's father, but Mann was not given the opportunity to have the letter translated again or to authenticate it, and the government offered neither an alternate translation nor forensic analysis. Similarly, the IJ relied on Mann's admission that he had not seen the sarpanch's signature in the past, but did not provide Mann an opportunity to demonstrate the authenticity of the sarpanch's declaration.

Mann provided significant documentation of his identity and was not given adequate notice that more would be required, nor was he given adequate opportunity to provide additional evidence of his identity. Because Mann's identity is central to his claim, we remand for the limited purpose of conducting a hearing to give Mann the opportunity to establish his identity.

With respect to the substance of Mann's claim that he fears persecution if returned to India, the IJ's adverse credibility finding is not supported by substantial evidence. The IJ was unable to identify any material inconsistency in Mann's detailed, clear, and consistent testimony. The IJ speculated that Mann would be too shy to speak in front of a group and that his father would have been a more natural choice to speak. Speculation and conjecture are not an adequate basis for an adverse credibility finding. *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999). Additionally, the IJ relied upon two inconsistencies in dates, specifically that the date that Mann said he received his school identification differed from the date on the card, and that Mann provided different dates for when he finished school. "Any

alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000); *see also Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir.2003). The other perceived inconsistencies are not true inconsistencies or are trivial.[1]

Taking Mann's testimony as true, if Mann is able to prove his identity, we agree with the IJ's conclusion that Mann is eligible for asylum because he "has certainly stated both the subjective and objective well-founded fear and that the events as he has described them would constitute past persecution" on the basis of imputed political opinion and political opinion.

Additionally, if Mann is able to prove his identity, his claims for withholding of removal and relief under the CAT should be reconsidered in light of his credible testimony.

REMANDED.

---

1. The government argues that the IJ relied on Mann's demeanor for the adverse credibility finding. While the IJ did discuss Mann's demeanor, in particular his long pauses and nervousness, she concluded that Mann "is an introvert and that it is difficult for him to engage in conversation or speaking with strangers or in a formal situation such as a

court." Because the IJ attributed the behavior to shyness rather than lack of credibility, these observations provide no support for her adverse credibility finding.

