**GUO QUING GUO, aka Guo Qing Guo, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72282.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 19, 2004.

David Z. Su, Esq., Law Offices of David Z. Su, El Monte, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officers, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Guo Quing Guo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings under the substantial evidence standard. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir. 2003). We review *de novo* the exclusion of evidence on legal grounds. *See Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001) (per curiam). We grant in part and deny in part the petition for review.

Guo contends he is eligible for asylum because he was persecuted on account of his political opinion when his wife underwent a forced abortion and he underwent a forced vasectomy due to China's family planning policies. *See* 8 U.S.C. §§ 1101(a)(42). The BIA affirmed the IJ's conclusion that Guo did not provide enough evidence to sustain his burden of proof to establish eligibility for asylum. The BIA did not make an adverse credibility finding. *See Navas v. INS,* 217 F.3d 646, 652, n. 3 (9th Cir.2000) (applicant's factual contentions presumed true where BIA does not make adverse credibility finding).

Guo's credited testimony, in conjunction with other evidence in the record, compels the finding that he has established eligibility for asylum. *See Singh v. Ashcroft,* 362 F.3d 1164, 1170 (9th Cir.2004) (credible testimony is sufficient to satisfy burden of proof). We grant Guo's petition for review in regard to his request for asylum and remand to allow the Attorney General to exercise his discretion whether to grant asylum.

Guo also contends that he has established eligibility for withholding of removal. Substantial evidence supports the BIA's finding that Guo did not establish a "clear probability" that he would be subject to persecution if he returned to China, and we therefore deny Guo's petition for review as to withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Finally, Guo contends the IJ erred in excluding certain evidence. Whether or not exclusion was proper, the IJ ultimately considered the documents and Guo cannot show prejudice. *See Khan,* 237 F.3d at 1144.

**PETITION FOR REVIEW DENIED in part, GRANTED in part and REMANDED.**