Jian Yuan YUAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73140.

Agency No. A95–449–947.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andres Z. Bustamante, Esq., Law Office of Andres Z. Bustamante, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Jian Yuan Yuan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, see Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir.2003), and we deny the petition for review.

Yuan contends that the IJ erred by excluding certain evidence for lack of authentication. Whether or not exclusion was proper, the IJ found Yuan's testimony credible and the excluded evidence covered matters within the scope of his testimony, so Yuan cannot show prejudice. See Khan v. INS, 237 F.3d 1143, 1144 (9th Cir.2001).

Yuan did not claim he had ever been personally arrested, beaten, or harassed by the Chinese government on account of his Christian faith and the record does not compel the conclusion that Yuan suffered past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016 (9th Cir.2004) (no past persecution where alien was never physically harmed on account of her religious beliefs); cf. Guo v. Ashcroft, 361 F.3d 1194, 1203 (9th Cir.2004) (finding past persecution where a Christian was detained for 15 days and beaten twice). Although Yuan presented evidence that the Chinese authorities are interested in him because of Bibles he smuggled, the IJ did not err in finding that this did not amount to persecution on a protected ground. See

courts of this circuit except as provided by 9th Cir. R. 36–3.

*Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992) (holding that prosecution for violating laws of general applicability does not constitute grounds for asylum). In sum, the record does not compel the conclusion that the government has any interest in persecuting Yuan based on his faith, given that Yuan has been able to practice his religion and his family continues to live in China and practice their faith. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (holding that an applicant's claim of persecution is weakened when similarly-situated family members continue to live in the country without incident). As Yuan failed to establish eligibility for asylum, it follows that he failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Yuan is not entitled to CAT relief because he did not show it is more likely than not that he would be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

We are not persuaded by Yuan's claim that his due process rights were violated when he was allowed to testify in English, because the record reflects that Yuan voluntarily chose to proceed in English and the IJ fully explained to Yuan that he could use the translator who was physically present during the merits hearing if he so chose.

The voluntary departure period was stayed and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**