**Sirak Deneke ANAGAW, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72603.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Olumide K. Obayemi, Esq., Law Offices of Olumide K. Obayemi, Hayward, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell B. Kinner, Esq., U.S. Department of Justice, Commercial Litigation Frauds, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Sirak Deneke Anagaw, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings based on changed country conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in denying Anagaw's motion to reopen on the ground that he failed to present sufficient evidence of changed circumstances in Ethiopia. If taken as true, the arrest warrant Anagaw submitted with his motion to reopen demonstrates a "reasonable likelihood" that he has a well-founded fear of future persecution. *See Malty*, 381 F.3d at 947. Because motions to reopen are decided without a factual hearing, credibility findings are not appropriate, *see Ghadessi v. INS*, 797 F.2d 804, 806–07 (9th Cir.1986) (faulting BIA for weighing quality, rather than sufficiency, of evidence in a motion to reopen), and the fact that the arrest warrant was not certified in accordance with regulation is not conclusive, *see Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir.2001) (agency erred by excluding evidence on the ground that it did not comply with 8 C.F.R. § 287.6).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.