Lina Marsavlina **MANALU**, Petitioner,

v.

Peter D. **KEISLER**,* Acting Attorney General, Respondent.

No. 04–72783.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan H. Hogan, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Lina Marsavlina Manalu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc), and we deny the petition in part and dismiss in part.

Substantial evidence supports the IJ's finding that the harm Manalu suffered did not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, substantial evidence supports the IJ's finding that Manalu failed to demonstrate a well-founded fear of future persecution, because she failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004).

Because Manalu did not demonstrate eligibility for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

We lack jurisdiction to review the denial of Manalu's CAT claim, because she failed to exhaust the claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Manalu finally contends that the IJ erred in excluding certain documentary evidence for lack of proper authentication. However, Manalu has failed to demonstrate that any error resulted in prejudice. *See Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

