Sergei SYSOY, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72212.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vitaly B. Sigal, Esq., Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marion E.M. Erickson, Esq., U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Sergei Sysoy, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

■ The BIA denied relief on the ground that Sysoy was not credible, and the record does not compel a contrary conclusion. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). There

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

were several inconsistencies within and between Sysoy's testimony and asylum application. Since many of these inconsistencies cast doubt on the events that go to the heart of Sysoy's claim, substantial evidence supports the denial of asylum. *Id.* at 1043. With respect to the IJ's reliance on Sysoy's allegedly fraudulent birth certificate, this reliance was proper and the IJ's finding is supported by substantial evidence. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004); *cf. Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 911, 913 (9th Cir.2004).

■ We reject Sysoy's contention that his due process rights were violated by the IJ's refusal to grant a continuance so that Sysoy could conduct his own investigation into the allegedly fraudulent birth certificate he submitted. The IJ did not abuse his discretion in denying Sysoy's request, *see Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996), and the proceedings were not "so fundamentally unfair that [Sysoy] was prevented from reasonably presenting his case," *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

■ We also reject Sysoy's contention that the IJ erred by excluding certain documents. While Sysoy is correct that documents may be authenticated in immigration proceedings through any "recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure," *Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir.2001), the record does not indicate that Sysoy made any attempt to authenticate his documents by any means. *See* 8 C.F.R. § 287.6. The IJ properly entered the documents into the record for identification purposes, *see Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000), and it is dubious that any of the documents would have corroborated Sysoy's claims. Accordingly, the IJ's exclusion of these documents was not error. *See* 8 C.F.R. § 287.6.

■ Because Sysoy cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Sysoy's Convention claim is based on the same testimony that was found not credible, and he points to no other evidence that the IJ should have considered in making the Convention determination, thus his Convention claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**