**Tirath SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74591.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David E. Dauenheimer, Esq., Aliza B. Alyeshmerni, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") November 2, 2007 decision affirming the Immigration Judge's ("IJ") finding that petitioner Tirath Singh is inadmissible and affirming the denial of his applications for relief.

Singh contends that the IJ violated his due process rights by admitting documents from Canadian immigration authorities that had not been properly authenticated. We review de novo due process claims. *See Padilla v. Ashcroft,* 334 F.3d 921, 923 (9th Cir.2003).

In immigration proceedings, foreign public documents may be authenticated by "any recognized procedure." *Vatyan v. Mukasey,* 508 F.3d 1179, 1184 (9th Cir. 2007); *Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001). The Federal Rules of Evidence do not apply to removal proceedings, and the IJ may consider evidence if it "is probative and its admission is fundamentally fair." *Espinoza v. INS,* 45 F.3d 308, 309–310 (9th Cir.1995), citing *Trias–Hernandez v. INS,* 528 F.2d 366, 369 (9th Cir.1975); *Baliza v. INS,* 709 F.2d 1231, 1233–34 (9th Cir.1983). The IJ appropriately determined that the Canadian documents were authenticated by the letter from the Canadian official who sent them to the Supervisory Asylum Officer in San Francisco, and Singh did not attempt to establish that the documents were unreliable or inaccurate. Instead, he testified that he did not remember what he had said during his immigration detention hearings in Canada. *See Villegas–Valenzuela v. INS,* 103 F.3d 805, 811–813 (9th Cir.1996) (documents were properly admitted when petitioners failed to present evidence to question their authenticity and failed to refute their contents). Because Singh failed to cast doubt on the probative value or fairness of the Canadian documents, the IJ did not err by admitting them.

Singh's only other claim, that the BIA failed to address all of his arguments on appeal, is unavailing. The BIA addressed the admissibility of the Canadian documents in its decision, and Singh does not identify any specific points that the BIA failed to address.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**