**Luz Irene Milla REYES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–75438.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2008.*

Filed Nov. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: GRABER and CLIFTON, Circuit Judges, and SHEA,** District Judge.

MEMORANDUM ***

Petitioner Luz Irene Milla Reyes, a native and citizen of Guatemala, petitions for review from a decision of the Board of Immigration Appeals ("BIA"), which denied Petitioner's applications for asylum and withholding of removal.

■ 1. We review de novo a due process claim. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). The immigration judge ("IJ") did not violate Petitioner's due process rights by declining to admit birth and death certificates that did not meet the requirements of 8 C.F.R. § 287.6. Petitioner failed to have copies of the documents certified by a Foreign Service Officer of the United States stationed

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

in Guatemala, so the documents were inadmissible under 8 C.F.R. § 287.6(b)(2). Petitioner further failed to authenticate the documents under another recognized procedure, and the excluded records were not material to the issues in this case in any event. *Cf. Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir.2001) (per curiam).

 1. We review the IJ's adverse credibility finding, which the BIA adopted, for substantial evidence. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007). Petitioner's testimony and applications contained inconsistencies that went to the heart of her claim. *See Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990) (holding that an inconsistency must go to the heart of the claim to support an adverse credibility finding).

In Petitioner's 1991 application, she made no mention at all of her relatives' deaths. By contrast, the 2001 application gave a vivid account of horrific deaths. The 1991 application claimed danger for refusing to provide guerillas with financial support, while the 2001 application omits that assertion. Additionally, Petitioner testified that she was in another town during the killings of her relatives, while the 2001 application stated that Petitioner was hiding close by in the bushes and described immediate details about the killings that suggested she was in close proximity.

Even one significant discrepancy suffices to support an adverse credibility finding. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, we must deny the petition for review on the asylum claim.

 3. *A fortiori*, we also deny the petition for review of the withholding claim. The standard for establishing with-

holding of removal is higher than the standard for asylum. *Ali v. Ashcroft*, 394 F.3d 780, 791 (9th Cir.2005).

 4. Petitioner did not have a well-founded fear of future persecution because of changed conditions in Guatemala. Even if Petitioner is not able to return to her home town, she could live safely in another part of Guatemala, as she did for six years before coming to the United States. Petitioner's siblings and mother reside safely in Guatemala, suggesting that Petitioner, too, could safely move there. The State Department's 2002 country report for Guatemala affirms that conditions there have changed significantly for the better since Petitioner left.

PETITION DENIED.