**Mohammed Nurul Hoque BHUIYAN,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04-72770.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Howard Johnson, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Dennis John Dimsey, Esq., Chief Deputy Section, Jennifer Levin Eichhorn, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Mohammad Nurul Hoque Bhuiyan, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001),

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and review de novo a due process claim, *see Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the omission from Bhuiyan's testimony of the serious harm that occurred during his 1991 and 1992 police detentions which he described in his asylum application goes to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004).

The IJ did not err in declining to treat Obaidul Pirjada as an expert because he was not qualified as an expert. The IJ also did not err in declining to admit arrest, detention, and release records that did not meet the requirements of 8 C.F.R. § 287.6 because the excluded records were not material to the issues of how Bhuiyan was treated during his detention. *Cf. Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001) (per curiam).

Because Bhuiyan failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Bhuiyan's CAT claim is based on the same testimony the IJ determined was not credible, and Bhuiyan points to no other evidence that IJ should have considered, he has failed to establish eligibility for CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**