**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAWALDEEP SINGH SETHI; KULVINDER KAUR SETHI; HARGUN SETHI; PREET SETHI, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 10-72404 <br><br> Agency Nos.    A089-132-212 <br> A089-132-213 <br> A089-132-214 <br> A089-132-215 <br><br> MEMORANDUM* |
| KAWALDEEP SINGH SETHI; KULVINDER KAUR SETHI; HARGUN SETHI; PREET SETHI, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 13-73367 <br><br> Agency Nos.    A089-132-212 <br> A089-132-213 <br> A089-132-214 <br> A089-132-215 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 10, 2015
San Francisco, California

Before: BYBEE, CALLAHAN, and OWENS, Circuit Judges.

Petitioner Kawaldeep Singh Sethi, on behalf of himself and his family, petitions for review of a BIA decision affirming the IJ's adverse credibility determination and consequent denial of Sethi's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Sethi also petitions for review of the BIA's denial of his motion to reopen. For the reasons discussed below, we grant the petition in No. 10-72404 and remand to the BIA for a new hearing, and deny the petition in No. 13-73367 as moot.

With respect to the petition in No. 10-72404, Sethi argues that the IJ's exclusion of documentary evidence at his asylum hearing violated due process, and that substantial evidence does not support the adverse credibility determination. Where, as here, the BIA expressly adopts a portion of the IJ decision as its own, this Court reviews that portion of the IJ decision as the agency's final decision. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review legal questions de novo and factual findings for substantial evidence. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review due process claims in removal

2

proceedings de novo. *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc).

Because Sethi filed his asylum application after May 11, 2005, the REAL ID Act governs his petition. Under the REAL ID Act, an IJ must assess a petitioner's credibility under the totality of the circumstances, including the consistency of a petitioner's statements with other evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ excluded from evidence—and thus did not consider—several of Petitioners' exhibits. Three such exhibits are relevant for our purposes. First, the IJ excluded Petitioners' Exhibit 7-A, a letter from the President of the Akali Dal Mann party, considering it only for the limited purpose of addressing Sethi's credibility. The IJ also excluded for all purposes Petitioners' Exhibits 7-C and 7-D, corroborating affidavits from Sethi's friend and father. The IJ offered two reasons for excluding these exhibits: (1) the exhibits were either fraudulent or otherwise unreliable; and (2) they were not sufficiently authenticated.

First, the IJ concluded that all three exhibits were "unreliable" and "not worthy of credence," and that Exhibit 7-A was "fraudulent." Substantial evidence does not support the IJ's conclusion with respect to Exhibits 7-C and 7-D. Neither the IJ nor the Government ever identified any evidence suggesting that these affidavits are unreliable. Rather, both affidavits appear to have been notarized,

3

verified, and signed by their respective affiants, and the IJ acknowledged having the original of both documents. Because Exhibits 7-C and 7-D appear to corroborate the information contained in Exhibit 7-A, the exclusion of 7-C and 7-D undermined the IJ's ability to assess Exhibit 7-A under the totality of the circumstances. Thus, substantial evidence does not support the IJ's conclusion that these exhibits were fraudulent, unreliable, or unworthy of credence.

The IJ's second reason for excluding the three exhibits—that they were "not sufficiently authenticated"—finds no support in the record. Sethi laid a foundation for each of the documents and provided original copies to the court. While an IJ may require a petitioner to authenticate documents in immigration proceedings through "any recognized procedure, such as those required by [DHS] regulations or by the Federal Rules of Civil Procedure," *Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir. 2001) (per curiam) (internal quotation marks omitted), the IJ identified no regulation or procedure justifying the exclusion of original documents for which a foundation was laid. As such, the IJ erred in excluding the documents for lack of authentication.

Importantly, the improper exclusion was not harmless. The affidavits substantiate key details in Sethi's testimony, including his claim that the police arrested and tortured him four times, and that he served as Secretary of Gurudwara

4

Singh Sabha. The Akali Dal Mann letter supports Sethi's assertion that he was an active member in the Akali Dal Mann party. The latter two details are particularly important, as the IJ stated that Sethi's membership in the political party and position with the Gurudwara went to the heart of his asylum claim. The Akali Dal Mann letter and affidavits therefore offer critical corroborating evidence supporting Sethi's testimony with respect to key findings underlying the adverse credibility determination.

In sum, the improper exclusion of corroborating evidence short-circuited the IJ's ability to judge the consistency and credibility of Sethi's claims under the totality of the circumstances, as required under the REAL ID Act. *Oshodi*, 729 F.3d at 892–93. This exclusion denied Sethi a "full and fair" opportunity to present evidence on his behalf, in violation of due process. *See id.* at 889; *see also Khan*, 237 F.3d at 1144. Such a violation is particularly troubling where, as here, the agency's denial of relief rested upon the IJ's adverse credibility determination. *See Oshodi*, 729 F.3d at 891. Thus, we grant the petition and remand to the BIA for consideration of Sethi's applications in light of Exhibits 7-A, 7-C, and 7-D.[1]

---

[1]  Because we remand for a new hearing on the basis of the due process violation, we decline to reach the question whether substantial evidence supported the IJ's adverse credibility determination. We also decline to address the propriety of the IJ's exclusion of Exhibits 7-B, 7-E, 7-F, and 7-G.

We deny the petition for review of the motion to reopen as moot. *See*

*Goldeshtein v. INS*, 8 F.3d 645, 646 n.1 (9th Cir. 1993).

**Petition GRANTED and REMANDED in No. 10-72404.**

**Petition DENIED in No. 13-73367.**