Sylvester OWINO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 23, 2009.

Filed July 8, 2009.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner.

Sylvester Owino, San Diego, CA, pro se.

CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Richard M. Evans, Esquire, Assistant Director, Oil, Andrew Jacob Oliveira, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

MEMORANDUM *

Sylvester Owino petitions for review of the BIA's final order of removal, which found him credible but denied his requests for asylum, withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). He appeals only his CAT deferral claim. Owino argues that (1) the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA") applied the wrong legal standard to his CAT claim; (2) the IJ violated his due process rights by failing to allow his brother to testify telephonically; and (3) the BIA violated his due process rights by failing to consider additional documentary evidence submitted with Owino's BIA brief. We grant Owino's petition and remand to the IJ on an open record.

We first address our jurisdiction. Although Owino is removable by reason of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

having committed an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), the government now correctly concedes that "[t]he jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT." *Lemus–Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). We therefore have jurisdiction over the final order of removal under 8 U.S.C. § 1252(a)(1).

On the merits of his CAT deferral claim, Owino argues that the BIA erroneously required him to corroborate his credible testimony and urges us to remand for reconsideration under the proper legal standard, invoking cases such as *Karapetyan v. Mukasey*, 543 F.3d 1118, 1123–24 (9th Cir.2008), a pre–REAL ID Act case holding that an IJ may not require corroboration of credible testimony. However, the REAL ID Act applies here, because Owino's application for relief from removal was filed January 18, 2006. Thus the government is correct that the Act establishes the proper legal standards governing adverse credibility determinations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Even assuming credibility, the Act permits an IJ to "determine[ ] that the applicant should provide evidence which corroborates otherwise credible testimony." 8 U.S.C. § 1229a(c)(4)(B). Because neither the IJ nor the BIA applied the REAL ID Act, we agree with the government that we should remand to the IJ on an open record to determine the merits of Owino's application under the REAL ID Act's standards.

Accordingly, we need not reach Owino's due process arguments regarding evidence he proffered to the IJ and BIA. As the government agreed at oral argument, both parties will be able to supplement the record with admissible evidence on remand, so Owino will be able to proffer his brother's relevant testimony, the documents he appended to his BIA brief and evidence of current conditions in Kenya.

**PETITION GRANTED AND REMANDED.**