**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ASHOK KUMAR, et al.,<br><br>    Petitioners,<br><br> v.<br><br>ERIC HOLDER, Attorney General,<br><br>    Respondent. | Nos. 05-73978, 07-72710<br><br>Agency Nos. A72-134-077/078,<br>A72-141-003/004<br><br>MEMORANDUM * |

On Petition for Review from Orders of the
Board of Immigration Appeals

Argued and Submitted November 5, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER, ** District

Judge.

---

 *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 **   The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Petitioners, the Kumars, are a Fijian family of East Indian descent who came to the United States in 1992 and were denied asylum in 1993. They have since filed three motions to reopen their proceedings, in 1999, 2005 and 2007. Before us now are consolidated petitions for review of the Board of Immigration Appeals' ("BIA") denials of petitioners' 2005 and 2007 motions to reopen. We have jurisdiction under 8 U.S.C. § 1252(b), *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004), and review BIA rulings on motions to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The BIA construed petitioners' 2005 motion to reopen as raising only a claim of ineffective assistance of counsel ("IAC"). Petitioners argue that the BIA abused its discretion by failing to recognize that the motion also raised a claim of changed country circumstances. We agree.

We do not require claims to the BIA to be made artfully or with precision; rather, a petitioner is merely required to put the BIA "on notice" that he intends to put an issue into contention. *See Cheuk Fung S-Yong v. Holder*, 578 F.3d 1169, 1173 (9th Cir. 2009) ("inartful" brief put the BIA on notice of issues being raised); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (petitioner's explicit mention of his argument sufficed to put "the BIA on notice that he was challenging [the issue]"). Moreover, the BIA has an obligation to consider the entirety of the

2

evidence submitted to it. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) ("The BIA abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for denying a motion to reopen.") (internal quotation marks omitted).

Petitioners inartfully but sufficiently raised the issue of changed country circumstances in their motion. The motion at one point states that enclosed articles "clearly establish that the political turmoil in Fiji is at its highest peak and that the incidents of violence, rape, and arson have again become prominent." Dozens of attached articles describe ethnic tensions and the impacts of the 2000 coup in Fiji.[1] This brief argument and attached evidence adequately served to put the BIA "on notice" of petitioners' changed country circumstances claim. Thus, the BIA abused its discretion by failing to consider whether petitioners' 2005 motion established changed circumstances. *See Mejia v. Ashcroft*, 298 F.3d 873, 879-80 (9th Cir. 2002) (finding that the BIA abused its discretion by denying a motion to reopen without addressing an argument or explaining why it did not). We remand to the

---

[1] Many of these articles could also be interpreted as relating to petitioners' IAC claim, because they illustrate information that petitioners argue should have been presented by their former attorney to supplement their 1999 motion to reopen. However, the BIA ruled on the 1999 motion in 2002, and many of the articles date from after this ruling and thus could not relate to petitioners' IAC claim.

3

BIA with instructions to fully consider the issue.[2]  Accordingly, we do not reach

petitioners' argument that the BIA's failure to consider their changed country

circumstances claim violated due process.  *See Owino v. Holder*, 575 F.3d 956, 959

(9th Cir. 2009) (declining to reach due process claim when remanding to BIA).

Petitioners' 2005 motion also argued that their proceedings should be

reopened because their previous counsel, who was disbarred in 2004, provided

ineffective assistance during their first motion to reopen.  The BIA found this claim

untimely and declined to equitably toll the filing deadline because petitioners did

not exercise due diligence in bringing the motion.

Although a motion to reopen on IAC grounds generally must be filed no

later than ninety days after a final administrative order, 8 C.F.R. § 1003.2(c)(2), 8

U.S.C. § 1229a(c)(7)(C)(i), the BIA has the discretion to toll this deadline "when a

petitioner is prevented from filing because of deception, fraud, or error, as long as

the petitioner acts with due diligence in discovering the deception, fraud, or error."

*Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003); *see also Ghahremani v.*

*Gonzalez*, 498 F.3d 993, 999 (9th Cir. 2007) (the limitations period for IAC claim

---

[2] We call the BIA's attention here to the recent Ninth Circuit opinion *Sinha v. Holder*, 564 F.3d 1015, 1020-23, 1025 (9th Cir. 2009), which addressed the asylum claim of an Indo-Fijian and determined that the BIA inadequately considered how evidence of widespread discrimination and harassment of Indo-Fijians might support the applicant's claim of persecution.

4

is tolled until petitioner "definitively learns of counsel's defectiveness") (internal quotation marks omitted). If "despite all due diligence . . . [a party] is unable to obtain vital information bearing on the existence of the claim," equitable tolling is justified until this information is obtained. *Id.*

The Kumars were diligent in bringing their 2005 motion. Although slightly more than a year lapsed between their previous counsel's disbarment and their 2005 motion to reopen, the Kumars' current counsel adequately explained this delay. In particular, counsel stated in the motion that he had encountered difficulties in obtaining essential documents. These difficulties were attributable to the uncooperativeness of the Kumars' previous attorney following his disbarment and did not stem from the Kumars' own inaction or lack of diligence. *See Socop-Gonzales v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001). Petitioners could not reasonably bring their motion until they had sufficient evidence of their previous counsel's deficiencies and otherwise acted diligently. The BIA therefore abused its discretion by finding petitioners not diligent and thus ineligible for equitable tolling, and on remand should further consider petitioners' IAC claim.

Turning to the second part of this consolidated case, petitioners contend that the BIA erred in denying their third motion to reopen, filed in 2007, which claimed changed country circumstances in the wake of a 2006 coup in Fiji. Although

petitioners submitted hundreds of pages of articles and a declaration from Mr. Kumar along with their motion, this evidence does no more than establish generalized unrest and political turmoil in Fiji as of 2006. The attached documents do not suggest that Indo-Fijians, Hindus or Labor Party members were particular targets of violence. Therefore, the BIA reasonably concluded that the motion presented no new material evidence demonstrating prima facie eligibility for asylum. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). Furthermore, there is no evidence to support petitioners' contention that the BIA abused its discretion in considering or weighing petitioners' evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (presumption exists that BIA adequately reviewed the record absent a showing to the contrary).

Finally, because the 2007 motion did not establish prima facie asylum eligibility, it necessarily did not establish eligibility for withholding of removal. *See Loho v. Mukasey*, 531 F.3d 1016, 1019 (9th Cir. 2008) (where asylum claim fails, petitioner "necessarily cannot satisfy the more stringent standard of proof required to demonstrate eligibility for withholding of removal"). The motion also presented no evidence suggesting it is "more likely than not" that the Kumars will be tortured if they return to Fiji, and therefore they do not qualify for reopening of

6

their claim for relief under the Convention Against Torture. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Costs on appeal to petitioner.

**GRANTED IN PART, DENIED IN PART, REMANDED.**