**NOT FOR PUBLICATION**

MAR 01 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO SILVA, | No. 06-72409 |
| Petitioner, | Agency No. A092-249-042 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2011
Pasadena, California

Before: KLEINFELD, LUCERO,[**] and GRABER, Circuit Judges.

Arnoldo Silva petitions for review of the decision of the Board of

Immigration Appeals affirming the dismissal of his application for

cancellation of removal. We assume the parties' familiarity with the facts

and procedural history of this case, and discuss them only as necessary to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

explain our decision. We review the decision of the immigration judge ("IJ") to deny Silva's request for continuance for abuse of discretion, see Nakamoto v. Ashcroft, 363 F.3d 874, 883 n.6 (9th Cir. 2004), and questions of law de novo, see Baballah v. Ashcroft, 367 F.3d 1067, 1073 (9th Cir. 2004).

We conclude that the IJ did not violate Silva's right to counsel by denying yet another continuance, after obtaining many previous continuances, to obtain an attorney. "In order for an [immigration] applicant to appear pro se, there must be a knowing and voluntary waiver of the right to counsel." Hernandez-Gil v. Gonzales, 476 F.3d 803, 806 (9th Cir. 2007) (internal quotation marks omitted). In the face of an applicant's gross inaction, however, waiver may be inferred in limited circumstances. See Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir. 1986); see also United States v. Moriel-Luna, 585 F.3d 1191, 1201 (9th Cir. 2009). At Silva's penultimate hearing, after the IJ had already granted many previous continuances, the IJ warned:

> [I]f you have a problem with [your attorney], you and he are not getting together or things are not working out, you better come see me right away. Or you go get a new attorney, whatever you want to do. But sir, I'm not going to grant you a continuance again if at the last minute you

2

and your attorney fail to prepare your case and you have
done nothing about it.

(Emphasis added.) Silva's refusal to cooperate with his retained counsel after such an explicit instruction was an implied waiver of his statutory and constitutional rights to counsel.

Further, the IJ did not abuse his discretion by denying a continuance for Silva to be fingerprinted. Unlike the applicants in Cui v. Mukasey, 538 F.3d 1289 (9th Cir. 2008), and Karapetyan v. Mukasey, 543 F.3d 1118 (9th Cir. 2008), superseded by statute on other grounds as recognized in Owino v. Holder, 575 F.3d 956, 958 (9th Cir. 2009) (per curiam), Silva was told several times of the fingerprint requirement, responded that he understood the requirement, was given a deadline for complying, and was told of the consequences of failing to do so.

Silva's petition for review is **DENIED**.