FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURWANT SINGH, | No. 07-74899 |
| Petitioner, | Agency No. A095-727-117 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| GURWANT SINGH, | No. 08-74195 |
| Petitioner, | Agency No. A095-727-117 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2011
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Gurwant Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), and the denial of his motion to reopen his removal proceedings to consider previously unavailable corroborative evidence.[1] We deny the petitions.

## I

In making the adverse credibility finding, Singh asserts that the IJ improperly relied on discrepancies between his statements made during his initial airport interview and his statements made during the removal proceedings. *See, e.g., Joseph v. Holder*, 600 F.3d 1235, 1243 (9th Cir. 2010) ("We have rejected adverse credibility findings that relied on differences between statements a petitioner made during removal proceedings and those made during less formal, routinely unrecorded proceedings."). Under the REAL ID Act of 2005, however, an IJ may require an applicant to produce corroborative evidence even in cases in which the IJ finds the applicant's testimony credible. *See Owino v. Holder*, 575

---

[1] In his briefing before this court, Singh did not challenge the BIA's denial of his request for a bond redetermination.

2

F.3d 956, 959 (9th Cir. 2009) ("Even assuming credibility, the Act permits an IJ to 'determine[ ] that the applicant should provide evidence which corroborates otherwise credible testimony.'") (alteration in original) (quoting 8 U.S.C. § 1229a(c)(4)(B)). Here, putting aside that the IJ found Singh incredible, the IJ requested him to produce evidence in support of his claims that: (1) his brother was killed for partaking in political activities; (2) his father and his brother were imprisoned in India; and (3) his father's health precluded him from helping Singh collect corroborating evidence. Singh failed to do so, and the IJ's and BIA's conclusion that such corroborative evidence was reasonably obtainable is supported by substantial evidence. We are unable to conclude that the requested "corroborating evidence was unavailable." *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Accordingly, we deny Singh's petition for review (No. 07-74899).

II

In both his opening and reply briefs, Singh maintains that his motion to reopen should have been granted because it was supported by previously unavailable, material evidence that established his prima facie eligibility for the relief sought. We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). "[M]otions to

3

reopen are subject to a strict time limit of ninety days following entry of the final order of removal . . . ." *Lin v. Gonzales*, 473 F.3d 979, 983 (9th Cir. 2007). The deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). The record reflects that Singh's motion to reopen was not timely filed while he appeared *in propria persona*. We also note that the motion was not filed within 90 days after Singh obtained counsel. Yet, in this petition for review, Singh does not address the fact that his motion to reopen was untimely or whether he qualifies for equitable tolling. Absent any argument or a citation to evidence that would excuse the late filing, we cannot conclude that the BIA abused its discretion in denying the untimely motion. *See Perez*, 516 F.3d at 773.

The petitions are DENIED.

4