**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAE WOO PARK, | No. 11-70445 |
| Petitioner, | Agency No. A089-244-923 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Jae Woo Park, a native and citizen of Korea, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his motion for a continuance and application for

cancellation for removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion for a continuance, *Karapetyan v. Mukasey*, 543 F.3d 1118, 1121 (9th Cir. 2008), *superseded by statute on other grounds as stated in Owino v. Holder*, 575 F.3d 956, 958 (9th Cir. 2009) (per curiam), and review de novo questions of law, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The IJ did not abuse her discretion in denying Park's motion for a continuance where he had known about his hearing date for nine months and had previously been granted three continuances. *See* 8 C.F.R. § 1003.29 (IJ has authority to grant a continuance upon a showing of good cause); *Karapetyan*, 543 F.3d at 1129.

Park did not show he was prejudiced by the absence of counsel at his first hearing where he admitted the charge of removability or at his later merits hearing where he did not show sufficient hardship to qualify for cancellation of removal, in that he failed to show how the presence of counsel may have affected the outcome of his proceedings. *See Ram v. Mukasey*, 529 F.3d 1238, 1242-43 ("To demonstrate prejudice, and thus a denial of due process, [petitioner] must show that the denial of his right to counsel potentially affected the outcome of the proceedings.").

**PETITION FOR REVIEW DENIED.**

11-70445