NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMAN GABRIEL RUIZ-ACOSTA; JEIMMY VIVIANA ROJAS-MILLAN; S. E. R.-R., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3456 <br><br> Agency Nos. <br> A220-353-045 <br> A220-486-548 <br> A220-486-549 <br><br> MEMORANDUM[*] |
| HERMAN GABRIEL RUIZ-ACOSTA; JEIMMY VIVIANA ROJAS-MILLAN; S. E. R.-R., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 26-1043 <br> Agency Nos. <br> A220-353-045 <br> A220-486-548 <br> A220-486-549 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 22, 2026[]
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Herman Gabriel Ruiz-Acosta, Jeimmy Viviana Rojas-Millan, and S. E. R.-R. ("Petitioners") seek review of the decisions of the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") to pretermit their applications for asylum, withholding of removal, and Convention Against Torture relief. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA issues a *Burbano* affirmance, we review the IJ's decision as if it were the decision of the BIA." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We grant the petition.

Because the BIA here affirmed the IJ decision citing *Burbano*, "all issues presented before the IJ are deemed to have been" exhausted. *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). "In the administrative proceedings," the IJ considered the "general argument" that Petitioners had complied with the biometrics order even though they did not complete biometrics before their merits hearing. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The "more specific" arguments Petitioners raise before us related to that issue have therefore been exhausted. *Id.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

25-3456

The IJ failed to provide Petitioners with adequate notice of their obligations to complete biometrics. *See* 8 C.F.R. § 1003.47(c), (d). The IJ never ordered Petitioners to *complete* biometrics by a certain date; instead, the IJ only required Petitioners to file "proof that [they] are *actively pursuing* the biometrics compliance"—proof that the IJ later acknowledged Petitioners "submitted." Nor did the IJ ever inform Petitioners directly of their biometrics obligations; instead, the IJ communicated all directions through counsel without an interpreter. The IJ therefore abused its discretion by pretermitting Petitioners' applications. *See Karapetyan v. Mukasey*, 543 F.3d 1118, 1131 (9th Cir. 2008) (IJ abused its discretion by pretermitting an application without ever specifying that "fingerprints had to be submitted before the *beginning* of the merits hearing"), *superseded by statute on other grounds as stated in Owino v. Holder*, 575 F.3d 956, 958 (9th Cir. 2009) (per curiam); *Cui v. Mukasey*, 538 F.3d 1289, 1291, 1293–94 (9th Cir. 2008) (IJ abused its discretion by pretermitting an application without confirming that the non-English speaking applicant "understood" the biometric instructions). *Gonzalez-Veliz v. Garland* does not govern here because, unlike in *Gonzalez-Veliz*, Petitioners did not "receive[] adequate notice" of their biometrics obligations. 996 F.3d 942, 949 (9th Cir. 2021).

**PETITION GRANTED.**[1]

---

[1] We grant the motion to stay removal, Dkt. 8, pending issuance of the mandate.